**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
               (State)

Case number (*If known*): _____    Chapter 11

☐ Check if this is an amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Achaogen, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's Federal Employer Identification Number** (EIN) | 68-0533693 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 1 Tower Place<br>Number    Street | <br>Number    Street |
| Suite 400 | <br>P.O. Box |
| South San Francisco    CA    94080<br>City                State      ZIP Code | <br>City            State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| San Mateo County<br>County | <br>Number    Street<br><br>City            State    ZIP Code |

5. **Debtor's website** (URL)    www.achaogen.com

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor     Achaogen, Inc.     Case number (if known) _____
           Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3254_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____ When _____ Case number _____
                                 MM / DD / YYYY
        District _____ When _____ Case number _____
                                 MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No
☐ Yes.   Debtor _____ Relationship _____
        District _____ When _____
                                 MM / DD / YYYY
        Case number, if known _____

Debtor  Achaogen, Inc.  Case number (if known) _____
         Name

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number   Street

_____
City                                State   ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____

       Contact name _____

       Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:
☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49          ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99         ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199       ☐ 10,001-25,000      ☐ More than 100,000
☒ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☒ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million    ☐ More than $50 billion

Debtor  Achaogen, Inc.                               Case number (if known) _____
        Name

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☒ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/15/2019
             MM / DD / YYYY

X _____          Blake Wise
Signature of authorized representative of debtor   Printed name

Title  Chief Executive Officer

**18. Signature of attorney**

X _____          Date  04/15/209
Signature of attorney for debtor                 MM / DD / YYYY

Derek C. Abbott
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201 N. Market St., 16th Floor
Number    Street

Wilmington                                  DE        19801
City                                        State     ZIP Code

302-658-9200                                dabbott@mnat.com
Contact phone                               Email address

3376                                        DE
Bar number                                  State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

-----------------------------------------------------------------x

**In re**

**Achaogen, Inc.,**                                    Case No. 19-_____ (____)

                                                       **Chapter 11**

                          **Debtor.**[1]

-----------------------------------------------------------------x

**Attachment to Voluntary Petition for Non-Individuals Filing for
Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-36323.

2. The following financial data is the latest available information and refers to the debtor's condition on January 31, 2019.

   a. Total assets                                            $91,607,000[2]

   b. Total debts (including debts listed in 2.c., below)     $119,956,000

   c. Debt securities held by more than 500 holders

|         |   |           |   |              |   |    | Approximate number of holders: |
|---------|---|-----------|---|--------------|---|----|--------------------------------|
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $  |                                |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $  |                                |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $  |                                |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $  |                                |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $  |                                |

   d. Number of shares of preferred stock        10,000,000 authorized; 0 outstanding
   e. Number of shares of common stock           290,000,000 authorized; 63,949,320 outstanding

   Comments, if any:  None of the Debtor's securities are held by more than 500 holders

3. Brief description of debtor's business: The Debtor is a biopharmaceutical company focused on the discovery, development, and commercialization of innovative antibacterial treatments against multi-drug resistant gram-negative infections.

---

[1] The last four digits of the Debtor's federal tax identification number are 3693. The Debtor's mailing address for purposes of this Chapter 11 Case is 1 Tower Place, Suite 400, South San Francisco, CA 94080.

[2] The total assets and total liabilities reflect a $21,500,000 estimate for a new lease account change, effective January 1, 2019. The new lease accounting change is ASC 842, which updates the accounting for all operating leases such as building leases.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

Robert W. Duggan

Sabby Volatility Warrant Master Fund, Ltd.

New Enterprise Associates, Inc.

# CERTIFICATE AS TO RESOLUTIONS
# ADOPTED BY BOARD OF DIRECTORS OF
# <u>ACHAOGEN INCORPORATED</u>

I, the undersigned, being duly elected as Secretary of Achaogen Incorporated, a Delaware corporation (the "<u>Company</u>"), do hereby certify that the following resolutions were duly adopted by the Board of Directors of the Company (the "<u>Board</u>") at a meeting of the Board held on April 11, 2019, and such resolutions have not been amended or rescinded and are now in full force and effect:

## ACHAOGEN, INC.

## BOARD OF DIRECTORS RESOLUTIONS (the "Resolutions")

## April 11, 2019

### Partial Repayment of Existing Loan

**WHEREAS**: The Board of Directors (the "<u>Board</u>") of Achaogen, Inc. (the "<u>Company</u>") has determined that the proposed repayment of certain outstanding obligations of the Company under the Loan and Security Agreement dated as of February 26, 2018 between the Company as Borrower and Silicon Valley Bank (the "<u>Bank</u>") as Lender (the "<u>Loan Agreement</u>") from cash on hand is advisable and in the best interests of the Company and its constituents; and the Board has received, reviewed, and considered the recommendations of the management of the Company and the Company's legal and other advisors as to these matters.

**NOW, THEREFORE, BE IT RESOLVED**: That the members of the Board hereby ratify the unanimous written consent of the Board dated as of April 10, 2019, for the partial repayment of outstanding obligations under the Loan Agreement in the amount of $25,000,000.

### Amendment of Existing Loan

**WHEREAS**: The Board has determined that amending the Loan Agreement is advisable and in the best interests of the Company and its constituents; and the Board has received, reviewed, and considered the recommendations of the management of the Company and the Company's legal and other advisors as to these matters.

**WHEREAS**: Pursuant to the proposed amendment (the "<u>Loan Amendment</u>"), the Company will agree to pay down its obligations under the Loan Agreement to $15 million using cash on hand, in exchange for the Bank's agreement to authorize the Company's continued use of cash collateral, waive certain loan fees, and the Bank's commitment to provide debtor in possession financing.

**WHEREAS**: In connection with the Loan Amendment, the Bank has also requested that the Company execute that certain Intellectual Property Security Agreement (the "<u>IP Security Agreement</u>"), granting the Bank a security interest in all of the Company's right, title and interest in, to and under its intellectual property assets.

1

**NOW, THEREFORE, BE IT RESOLVED**: That the members of the Board hereby waive all applicable notice requirements in connection with this meeting and adoption of the Resolutions.

**RESOLVED**: That the members of the Board hereby approve the Loan Amendment and the IP Security Agreement and all of their respective terms.

**RESOLVED:** That, pursuant to the Loan Amendment, the Company hereby is authorized to pay down or permit the sweep of funds to pay down the Company's outstanding obligations under the Loan Agreement from cash on hand so that only $15,000,000 of obligations remain.

**Chapter 11 Filing**

**WHEREAS**: The Board has reviewed and considered, among other things, the financial condition and prospects of the Company on the date hereof; and the Board has received, reviewed, and considered the recommendations of the management of the Company and the Company's legal and other advisors as to the relative risks and benefits of pursuing a Chapter 11 bankruptcy case under the provisions of title 11 of the United States Code (the "Bankruptcy Code"), including the sale of all or substantially all of the Company's assets, the retention of professionals, the incurrence of debtor in possession financing, the formulation of a plan of reorganization or liquidation, and related matters.

**NOW, THEREFORE, BE IT RESOLVED**: That in the judgment of the Board, it is desirable and in the best interests of the Company and its stakeholders that the Company seek relief under Chapter 11 of the Bankruptcy Code.

**RESOLVED:** That the Company shall be, and hereby is, authorized to file a voluntary petition (the "Petition") for relief under the provisions of Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effectuate the purpose and intent of the Resolutions.

**RESOLVED FURTHER:** That the Designated Officers, and each of them acting alone, hereby is authorized, and directed, in the name and behalf of the Company, to execute, acknowledge, deliver, and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents as any such Designated Officer, in such person's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purpose of the Resolutions.

**RESOLVED FURTHER:** That the Chief Executive Officer and the Chief Financial Officer (collectively, the "Designated Officers") be, and each of them acting alone is, hereby authorized to execute, deliver and file or cause to be executed, delivered and filed (or direct others to do so on their behalf as provided herein) all documents determined by any Designated Officer to be necessary or appropriate, including, without limitation, the Petition; all affidavits,

schedules, motions, objections, responses, forms, lists, applications, documents, instruments, applications, reports, pleadings and other papers necessary or desirable to be filed in the Chapter 11 Case; the Plan (as defined below); the Disclosure Statement (as defined below); and the Dismissal Documents (as defined below) (collectively, "Bankruptcy Documents"), and to take any and all other actions which he or she determines to be necessary and proper in connection with the Chapter 11 Case, such determination to be conclusively evidenced by the execution, delivery or filing thereof or the taking of any such other action by such Designated Officer.

**Retention of Professionals and Claims and Noticing Agent**

**RESOLVED:** That the retention of the law firm of Hogan Lovells US LLP ("Hogan Lovells"), to represent the Company as general bankruptcy counsel on the terms set forth in its engagement letter with the Company and to represent and assist the Company in preparing and filing Bankruptcy Documents is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Designated Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain Hogan Lovells.

**RESOLVED FURTHER:** That the retention of the law firm of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), to represent the Company as general bankruptcy co-counsel and Delaware bankruptcy counsel on the terms set forth in its engagement letter with the Company and to represent and assist the Company in preparing and filing Bankruptcy Documents is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Designated Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain Morris Nichols.

**RESOLVED FURTHER:** That the retention of MERU, LLC ("MERU"), to provide the Company with financial advisory services on the terms set forth in its engagement letter between MERU and the Company, is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Designated Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain MERU.

**RESOLVED FURTHER:** That the retention of Cassel Salpeter & Co., LLC ("Cassel"), to provide the Company with investment banking services on the terms set forth in its engagement letter between Cassel and the Company, is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Designated Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain Cassel.

**RESOLVED FURTHER:** That the retention of Kurtzman Carson Consultants LLC ("KCC"), as notice, claims and balloting agent in connection with the Chapter 11 Case is hereby

approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Designated Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain KCC.

**Debtor in Possession Financing Facility**

**RESOLVED:** That in connection with the Chapter 11 Case, (a) the Board authorizes and approves the incurrence of indebtedness by the Company in its Chapter 11 Case (the "DIP Facility") and the execution, delivery and performance of that certain loan and security agreement (the "DIP Loan Agreement") evidencing the DIP Facility among the Company, as borrower, and Silicon Valley Bank, as lender, in the amount and substantially on the terms of the draft which has been provided to the Board, and with such changes as the Designated Officers or any of them executing the same shall approve, and any other agreements, consents, certificates, amendments (including to increase from time to time the amount of the DIP Facility), assignments and instruments in connection therewith (together with the DIP Loan Agreement, the "DIP Loan Documents"), and (b) the Designated Officers or any one of them shall be, and hereby are, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform or cause the performance of the DIP Loan Documents and related Bankruptcy Court orders approving the same, as such Designated Officers or any one of them executing the same considers necessary, appropriate, proper, or desirable to effectuate the DIP Facility and other transactions contemplated by the DIP Loan Documents and other arrangements necessary, appropriate, proper, or desirable in the interest of the Company in connection with the Chapter 11 Case, such determination to be conclusively evidenced by such execution or taking of such action.

**RESOLVED FURTHER:** That the Company, hereby is authorized to grant a security interest to the Bank in substantially all of the Company's assets, including its intellectual property, which security interest shall secure all of the Company's obligations to the Bank in connection with the DIP Facility.

**RESOLVED FURTHER:** That the Company hereby is authorized to pay, or permit the sweep of funds to pay, the remaining $15,000,000 of outstanding obligations under the Loan Agreement from proceeds of the DIP Facility upon the Bankruptcy Court's entry of an order approving the DIP Facility on a final basis.

**Sale Process**

**RESOLVED:** That if deemed necessary by the Designated Officers, the Company, as debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to pursue and implement a sale transaction under section 363 of the Bankruptcy Code or otherwise of all or substantially all of the Company's assets in a form and structure substantially consistent with those presented to the Board on or prior to the date hereof and as

4

may be further approved, modified or amended by any one or more of the Designated Officers in their reasonable judgment and in consultation with the Company's professionals (each, a "Sale").

**RESOLVED FURTHER:** That if deemed necessary by the Designated Officers, the Company, as debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to execute, deliver and perform its obligations under one or more asset purchase agreements, license agreements, or other transactional agreements and all associated agreements, schedules, certificates, instruments, guaranties, notices and other documents (collectively, the "Transaction Documents") implementing a Sale, as may be deemed necessary or desirable by any one or more of the Designated Officers.

**Conclusion of the Chapter 11 Case**

**RESOLVED:** That if deemed necessary by the Designated Officers, the Company, as debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to (i) execute and file a Chapter 11 plan of reorganization or liquidation (the "Plan"), associated disclosure statement (the "Disclosure Statement"), and all related documents, and consummate, and perform under, the transactions contemplated therein and/or (ii) dismiss or close the Chapter 11 Case and execute all related documents (the "Dismissal Documents") as may be reasonably necessary or desirable in the best interests of the Company and its stakeholders.

**Additional Resolutions**

**RESOLVED:** That all acts lawfully done or actions lawfully taken by any Designated Officer or any professionals engaged or to be engaged by the Company prior to or after the date hereof, be, and hereby are, adopted, ratified, confirmed, approved and consented to in all respects and for all purposes as the acts and deeds of the Company.

**RESOLVED FURTHER:** That the Designated Officers or any one of them be, and each hereby is, authorized, directed and empowered to negotiate, prepare, execute and deliver for and on behalf of the Company (as a debtor and debtor in possession, as applicable), and to cause the Company to perform its obligations under, such agreements, instruments, certificates and any and all other documents and amendments or other modifications necessary or appropriate to facilitate the transactions contemplated by the Resolutions , including, without limitation, (a) as may be contemplated or required by the Bankruptcy Code and bankruptcy rules, any orders of the Bankruptcy Court, the Bankruptcy Documents, the Transaction Documents, and the DIP Loan Documents, and the exercise or performance by the Company of its rights, remedies or obligations thereunder, (b) as may be determined to be necessary or appropriate by such Designated Officer in connection with (i) the repayment of the Existing Loan Obligations, (ii) the Chapter 11 Case, (iii) the Sale, (iv) the retention of professionals, (v) the DIP Facility, (vi) the Bankruptcy Code and bankruptcy rules, (vii) orders of the Bankruptcy Court, and (viii) the exercise or performance by the Company of its rights, remedies or obligations under or in connection with any of the foregoing or any of the other Resolutions, or (iii) as may be determined to be necessary or appropriate by such Designated Officer in connection with the conduct of the Chapter 11 Case or to give effect to the Resolutions or the actions or transactions

5

contemplated by the Resolutions, including, without limitation, documents containing such provisions, terms, conditions, covenants, warranties and representations as may be determined to be necessary or appropriate by the Designated Officer or Designated Officers so acting, such determination to be conclusively evidenced by the execution thereof by such Designated Officer.

**RESOLVED FURTHER:** That the omission from any of the Resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in such Resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in such Resolutions shall in no manner derogate from the authority of the Designated Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, such resolutions.

**RESOLVED FURTHER:** That any Designated Officer of the Company hereby is authorized and directed to certify and/or attest the Resolutions, certificate of incumbency and such other documents or instruments that the corporate secretary of the Company may deem necessary or appropriate in connection with the foregoing matters; provided, however, that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on the Company.

IN WITNESS WHEREOF, the undersigned has signed this Certificate as to Resolutions on this \_\_\_\_15\_ th day of \_\_April_____, 2019.

*Gary Loeb*
Gary Loeb
Corporate Secretary and General Counsel

**Fill in this information to identify the case:**

Debtor name: Achaogen, Inc.

United States Bankruptcy Court District of Delaware

Case number (If known):

☐ Check if this is an amended filing

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | HOVIONE INTERNATIONAL LIMITED<br>SETE CASAS 2674-506<br>LOURES, 2674-506<br>PORTUGAL | PHONE: 351 21 982 9000<br>FAX: 351 21 982 9388<br>EMAIL: CONTACT@HOVIONE.COM | TRADE CLAIM | Disputed | | | $ 6,610,000.00 |
| 2 | ESTEVE QUIMICA, SA<br>AVDA. MARE DE DEAU DE MONTSERRAT, 12<br>BARCELONA, 08024<br>SPAIN | PHONE: 34 93 254 4000<br>FAX: 34 93 254 4001<br>EMAIL: EQCOMERCIAL@EQESTEVE.COM | TRADE CLAIM | Unliquidated | | | $ 2,254,000.00 |
| 3 | HIGHPOINT SOLUTIONS, LLC<br>301 EAST GERMANTOWN PIKE<br>EAST NORRITON, PA 19401 | PHONE: 610-233-2700<br>FAX: 610-233-2999 | TRADE CLAIM | Unliquidated | | | $ 1,056,000.00 |
| 4 | SOLAR CAPITAL LTD.<br>500 PARK AVE<br>3RD FLOOR<br>NEW YORK, NY 10022 | PHONE: 212-993-1670<br>EMAIL: INFO@SOLARCAPLTD.COM | TRADE CLAIM | Unliquidated | | | $ 1,000,000.00 |
| 5 | AP3 SF2 CT SOUTH LLC<br>ONE TOWER PLACE<br>SUITE 225<br>SOUTH SAN FRANCISCO, CA 94080 | | LANDLORD CLAIM | Unliquidated | | | $ 725,000.00 |
| 6 | MICROGENICS CORP<br>46360 FREMONT BOULEVARD<br>FREMONT, CA 94538-6406 | PHONE: 510-979-5000<br>FAX: 510-979-5002 | TRADE CLAIM | Unliquidated | | | $ 589,000.00 |
| 7 | LIGAND PHARMACEUTICALS<br>5980 HORTON STREET<br>SUITE 405<br>EMERYVILLE, CA 94608 | | TRADE CLAIM | Disputed | | | $ 572,000.00 |
| 8 | GOOD APPLE PUBLISHING, LLC<br>200 PARK AVENUE SOUTH<br>SUITE 1501<br>NEW YORK, NY 10003 | PHONE: 646-844-9724 | TRADE CLAIM | Unliquidated | | | $ 417,000.00 |
| 9 | COMMAND CENTRAL<br>230 PARK AVENUE SOUTH<br>NEW YORK, NY 10003 | EMAIL: JANINE.KINZEL@INTRAMEDGROUP.COM | TRADE CLAIM | Unliquidated | | | $ 379,000.00 |
| 10 | WORLD COURIER INC.<br>1300 MORRIS DRIVE<br>CHESTERBROOK, PA 19087-5594 | PHONE: 516-354-2600<br>FAX: 516-354-2637 | TRADE CLAIM | Unliquidated | | | $ 365,000.00 |
| 11 | RESEARCHTRIANGLE INSTITUTE<br>3040 CORNWALLIS ROAD<br>RESEARCH TRIANGLE PARK<br>MORRISVILLE, NC 27709-2194 | PHONE: 919-541-6000<br>FAX: 919-541-7222 | TRADE CLAIM | Unliquidated | | | $ 360,000.00 |
| 12 | INTELLISYN PHARMA, INC.<br>7171 FREDERICK-BANTING LABORATORY 3314<br>MONTREAL, QC H4S 1Z9<br>CANADA | EMAIL: INFO@INTELLISYNRD.COM | TRADE CLAIM | Unliquidated | | | $ 308,000.00 |
| 13 | ZS ASSOCIATES, INC.<br>400 SOUTH EL CAMINO REAL<br>SAN MATEO, CA 94402 | PHONE: 650-762-7800<br>FAX: 847-492-3606 | TRADE CLAIM | Unliquidated | | | $ 276,000.00 |
| 14 | JONES MICROBIOLOGY INSTITUTE, INC.<br>345 BEAVER KREEK CENTRE<br>SUITE A<br>NORTH LIBERTY, IA 52317 | PHONE: 319-665-3370<br>FAX: 319-665-3371<br>EMAIL: INFO@JMILABS.COM | TRADE CLAIM | Unliquidated | | | $ 199,000.00 |
| 15 | ACCESS TCA, INC<br>1 MAIN STREET<br>WHITINSVILLE, MA 01588 | PHONE: 508-234-9791<br>FAX: 508-234-2139<br>EMAIL: INFO@ACCESSTCA.COM | TRADE CLAIM | Unliquidated | | | $ 180,000.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 16 PAREXEL INTERNATIONAL, LLC<br>101-105 OXFORD ROAD<br>THE QUAYS<br>UXBRIDGE, UB8 1LZ<br>UNITED KINGDOM | PHONE: 781-487-9900<br>FAX: 781-487-0525<br>EMAIL: INFO@PAREXEL.COM | TRADE CLAIM | Unliquidated | | | $ 138,000.00 |
| 17 SAVILLS STUDLEY, INC.<br>150 CALIFORNIA STREET<br>14TH FLOOR<br>SAN FRANCISCO, CA 94111 | PHONE: 415-421-5900 | TRADE CLAIM | Unliquidated | | | $ 136,000.00 |
| 18 REVHEALTH, LLC<br>55 BANK STREET<br>MOORESTOWN, NJ 07960 | PHONE: 973-867-6500<br>FAX: 973-285-7567 | TRADE CLAIM | Unliquidated | | | $ 135,000.00 |
| 19 FLINN & FERGUSON, INC<br>601 UNION STREET<br>SUITE 4900<br>SEATTLE, WA 98101 | PHONE: 206-224-3500<br>FAX: 206-224-3501 | TRADE CLAIM | Unliquidated | | | $ 124,000.00 |
| 20 CLINICAL CARE OPTIONS, LLC<br>12001 SUNRISE VALLEY DRIVE<br>SUITE 300<br>RESTON, VA 20191-3404 | PHONE: 855-224-2241<br>FAX: 866-691-8321<br>EMAIL: HR@CLINICALOPTIONS.COM | TRADE CLAIM | Unliquidated | | | $ 117,000.00 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Achaogen, Inc.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 19-_____ (___) |

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(1)

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's outstanding equity interests.

| **Orexigen Therapeutics, Inc.** | | |
|---|---|---|
| **SHAREHOLDER/MEMBERSHIP INTEREST** | **NATURE OF INTERESTS HELD** | **APPROXIMATE PERCENTAGE OF SHARES HELD** |
| New Enterprise Associates, Inc. | Common Stock | 10.76% |

---

[1] The last four digits of the Debtor's federal tax identification number are 3693. The Debtor's mailing address for purposes of this Chapter 11 Case is 1 Tower Place, Suite 400, South San Francisco, CA 94080.

**Fill in this information to identify the case:**

Debtor Name  Achaogen, Inc.

United States Bankruptcy Court for the District of Delaware
(State)

Case number *(if known)* _____

---

Official Form 202

## Declaration under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct.

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Forms 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration: Creditor Matrix and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/15/2019      x  _/s/ Blake Wise_____
MM/ DD/ YYYY                    Signature of individual signing on behalf of debtor

Blake Wise
Printed name

Chief Executive Officer
Position or relationship to debtor

Official Form 202         Declaration Under Penalty or Perjury for Non-Individual Debtors