## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **Achaogen, Inc.** | Case No. 19-10844 (BLS) |
| Debtor.[1] | |

### DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTOR TO (A) CONTINUE PREPETITION INSURANCE PROGRAM; (B) PAY ANY PREPETITION PREMIUMS AND RELATED OBLIGATIONS; AND (C) RENEW OR ENTER INTO NEW INSURANCE ARRANGEMENTS AND/OR PREMIUM FINANCING AGREEMENTS IN THE ORDINARY COURSE OF BUSINESS; AND (II) GRANTING RELATED RELIEF

The debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby moves this Court for entry of interim and final orders (the "Motion"), substantially in the forms attached hereto as **Exhibit B** (the "Proposed Interim Order") and **Exhibit C** (the "Proposed Final Order") (i) authorizing the Debtor to (a) continue its prepetition insurance program; (b) pay any prepetition premiums and related obligations; and (c) renew or enter into new insurance arrangements and/or premium financing agreements in the ordinary course of business; and (ii) granting related relief.  In support of this Motion, the Debtor incorporates by reference the *Declaration of Blake Wise in Support of First Day Relief* (the "First Day Declaration"),[2] filed contemporaneously herewith, and respectfully states as follows:

### JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] The last four digits of the Debtor's federal tax identification number are 3693. The Debtor's mailing address for purposes of this Chapter 11 Case is 1 Tower Place, Suite 400, South San Francisco, CA 94080.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

*Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### GENERAL BACKGROUND

4.      On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (this "Chapter 11 Case").  The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner and no committee has been appointed in this Chapter 11 Case.

5.      The Debtor is a biopharmaceutical company focused on the development and commercialization of innovative antibiotic treatments against multi-drug resistant gram-negative infections.  Additional details regarding the Debtor's business and the facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration, which was filed contemporaneously with this Motion and is incorporated by reference.

## THE DEBTOR'S INSURANCE PROGRAM

6.      In the ordinary course of its business, the Debtor maintains various customary insurance policies (collectively, the "Insurance Program") that provides coverage for, among other things: employment practices liability, fiduciary liability, automobile liability, cyber liability, cargo liability, products liability, premises pollution liability, property liability, general commercial liability, crime liability, directors and officers liability, and workers compensation liability, as well as an umbrella policy (collectively, the "Policies").

7.      Attached as **Exhibit A** is a comprehensive list of the Policies, including the type of coverage, Policy number, Policy effective dates, Policy expiration dates, Policy limits, Policy carrier, Policy premium, and Policy broker. Policy premiums are historically prepaid upon their renewal.  Six of the Policies were set to expire in March 2019, prior to which the Debtor entered into three month extensions (and prepaid the related premiums in full) extending those Policies to June 30, 2019.  The Debtor estimates it would cost approximately an additional $25,000 if it were necessary for the Debtor to extend these Policies an additional 3 months.  The remaining Policies are scheduled to expire at various times after December 31, 2019.   Additionally, on April 8, 2019, the Debtor purchased a pre-paid D&O tail policy, which runs through December 31, 2025.

8.      All of the Policies are managed through Aon Risk Services West Inc. ("Aon"), as broker.  Aon assists the Debtor in determining the appropriate type and amount of insurance coverage and then negotiates with insurance companies to procure the optimal policies.  The premiums for Aon-brokered policies are generally paid to Aon, which remits such payments to the insurance carriers directly.  Aon's broker fees are $95,000 per year, which was paid in full in November 2018.

9.      As of the Petition Date, the Debtor believes that it was substantially current on amounts owed under the Policies. Further, the Debtor is not currently a party to any premium financing agreements. Out of an abundance of caution, however, the Debtor seeks authorization to make payments attributable to the prepetition period (plus any unforeseen deductible payment amounts for prepetition claims) in an amount not to exceed $100,000 on an interim basis and authority to enter into premium financing agreements in the ordinary course of business.

10.      Adequate insurance coverage is essential to operating the Debtor's business, maintaining and protecting the value of its assets for the benefit of creditors, and guarding against risk of loss.  Moreover, in many cases, various regulations, laws, or contracts that govern the conduct of the Debtor's business under applicable nonbankruptcy law require the Debtor to maintain insurance coverage.  Likewise, the U.S. Trustee Guidelines for debtors in possession operating in chapter 11 cases in this Bankruptcy Court require the Debtor to maintain adequate insurance coverage.  This coverage could not be provided without continuing the Insurance Program.

**RELIEF REQUESTED**

11.      By this Motion, the Debtor seeks authority, but not direction, to continue its Insurance Program, including by: (i) continuing to pay for the Policies; (ii) renewing or replacing insurance arrangements and/or entering into premium financing agreements in the ordinary course of business without further order of the Court.  Though the Debtor believes that it does not owe any prepetition Policy premiums or other obligations on the Policies, the Debtor also requests, out of an abundance of caution, permission to make all payments required to continue its Insurance Program, including payment of any prepetition premiums, deductibles, or

other obligations under the Policies and, to the extent applicable, engage and pay insurance brokers in the ordinary course of business. The Debtor wishes to pay the appropriate parties up to $100,000 on an interim basis, to be allocated at the Debtor's discretion without prejudice to seek additional relief on an emergency basis.

12.     Further, if the Court grants the relief sought in this Motion, the Debtor requests that all applicable banks and other financial institutions be authorized, when requested by the Debtor in its discretion, without any duty of inquiry or liability to any party for following the Debtor's instructions, to receive, process, honor, and pay any and all checks drawn on the Debtor's accounts to pay amounts owed under the Insurance Program, whether those checks are presented prior to or after the Petition Date, and to make other transfers, provided that sufficient funds are available in the applicable accounts to make the payments.

## **BASIS FOR RELIEF**

### I.     **Continuation of the Insurance Policies Is Required By the Bankruptcy Code and U.S. Trustee Operating Guidelines.**

13.     Section 1112(b)(4)(C) of the Bankruptcy Code provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public" is "cause" for mandatory conversion or dismissal of a chapter 11 case. 11 U.S.C. § 1112(b)(4)(C). In addition, in many instances, the coverage provided under the Insurance Program is required by the regulations, laws, certain credit agreements, and contracts that govern the Debtor's commercial activities, including the operating guidelines issued by the Office of the United States Trustee for Region 3 (the "U.S. Trustee Operating Guidelines"). Given this backdrop, the Debtor believes it is essential to its estate, and consistent with the Bankruptcy Code and the U.S. Trustee Operating Guidelines, that it (a) maintains and continues to make all payments required under its Insurance

Program, and (b) has the authority to supplement, amend, extend, renew, or replace its Insurance Program as needed, in its judgment, without further order of the Court.[3]

14.     Further, this Court has authority to grant the relief requested herein pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.  Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1). Moreover, section 105(a) of the Bankruptcy Code allows the Court to authorize payments on account of certain prepetition claims when necessary.  Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  This is generally referred to as the "necessity of payment rule" or the "doctrine of necessity." *See In re NVR, L.P.*, 147 B.R. 126, 128 (Bankr. E.D. Va. 1992); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989), *accord In re Financial News Network, Inc.*, 134 B.R. 732, 736 (Bankr. S.D.N.Y. 1991) (prepetition claims may be paid when so doing is "critical to the debtor's reorganization"); *In re Eagle-Pitcher Indus.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (payment must be "necessary to avert a serious threat to the Chapter 11 process"); *In re Structurlite Plastics Corp.*, 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988) (payment necessary to "permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately") (quoting *In re Chateaugay Corp.*, 80 B.R. 279, 287 (S.D.N.Y. 1987)).

---

[3] The Debtor believes that continuation of the Insurance Program and the ability to supplement, amend, extend, renew, or replace the Insurance Program is authorized in the ordinary course. 11 U.S.C. § 363(c)(1). The Debtor therefore seeks such relief out of an abundance of caution given the importance of the Insurance Program to the protection of its estate.

15.     Courts have recognized that the "necessity of payment rule" is "well-established in bankruptcy common law." *In re NVR, L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (also stating that, under Section 105(a), a court "can permit pre-plan payment of a prepetition obligation when essential to the continued operation of the debtor"); *see also In re Motor Coach Indus. Int'l Inc.*, 2009 WL 330993, at *2 n.5 (Bankr. D. Del. Feb. 10, 2009) ("The 'doctrine of necessity' or 'necessity of payment' doctrine is a general rubric for the proposition that a court can authorize the payment of prepetition claims if such payment is essential to the continued operation of the debtor."); *In re Just for Feet, Inc.*, 242 B.R. 821, 824-25 (D. Del. 1999) (holding that Bankruptcy Code section 105(a) provides a statutory basis for the payment of prepetition claims under the doctrine of necessity and noting that "[t]he Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of prepetition claims when such payment is necessary for the debtor's survival during chapter 11"); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (confirming that the doctrine of necessity, i.e., whether the payment is essential to the continued operation of the business, is the standard in the Third Circuit for enabling a court to authorize the payment of prepetition claims prior to the confirmation of a reorganization plan); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (stating that a bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept") (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984)).

16.     For the reasons described above, and in view of the Debtor's need to maintain insurance to operate its business and prudently manage and preserve cash flow, authorizing the Debtor to maintain the Insurance Program, including utilizing the services of any

insurance agents or brokers that the Debtor employs in the ordinary course of maintaining the Insurance Program and making any payments required by the Policies, is in the best interests of all parties in interest in this case. Thus, the Debtor respectfully requests authorization (but not direction) to fully maintain the existing Insurance Program and to honor the obligations described herein.

17. For these same reasons, the Debtor also seeks authorization (but not direction) to renew, replace or extend Policies, or to enter into new insurance arrangements as may be required, in the ordinary course of business and without further order of the Court.

18. This Court has granted similar relief in other complex chapter 11 cases. Given the crucial nature of the Debtor's various coverage requirements, similar relief is appropriate here. *In re Orexigen Therapeutics, Inc.*, No. 18-10518 (Bankr. D. Del. April, 11 2018); *In re Promise Healthcare Group, LLC.*, No. 18-12491 (Bankr. D. Del Dec. 3, 2018); *In re Sancilio Pharmaceuticals Company, Inc.*, No. 18-11333 (Bankr. D. Del June 28, 2018); *In re Gibson Brands, Inc.*, No. 18-11025 (CSS) (Bankr. D. Del. May 2, 2018); *In re Bertucci's Holdings, Inc.*, No. 18-10894 (MFW) (Bankr. D. Del. May 4, 2018); *In re Aerospace Holdings, Inc.*, No. 17-10635 (KG) (Bankr. D. Del. Mar. 29, 2017); *In re Maxus Energy Corporation*, No. 16-11501 (CSS) (Bankr. D. Del. July 11, 2016); *In re Golfsmith Intl Holdings, Inc.*, No. 16-12033 (CSS) (Bankr. D. Del. Oct. 13, 2016); *In re IMX Acquisition Corp.*, No. 16-12238 (BLS) (Bankr. D. Del. Nov. 2, 2016); *In re Radioshack Corp.*, No. 15-10197 (BLS) (Bankr. D. Del. Feb. 9, 2015); *In re CWC Liquidation Inc.*, No. 14-10867 (BLS) (Bankr. D. Del. May 5, 2014).

## II.     The Court Should Authorize The Debtor To Enter Into Premium Financing Agreements

19. Pursuant to section 364(c) of the Bankruptcy Code, a debtor may, in the exercise of its business judgment, incur secured postpetition debt if the debtor has been unable to

obtain unsecured credit and the borrowing is in the best interests of the estate. Although the Debtor does not currently have any premium financing agreements in place, out of an abundance of caution, the Debtor is seeking express authority to enter into premium financing agreements in the ordinary course of business, in connection with its Insurance Program, to the extent that the Debtor determines that such action is in the best interest of its estate. The Debtor respectfully submits that entry into insurance premium financing agreements should be authorized pursuant to section 364(c) of the Bankruptcy Code as actions in the ordinary course of business.

20.    Courts recognize the importance of a debtor having access to premium financing agreements and have granted relief similar to the relief requested in this motion. *See, e.g., In re Ames Dept. Stores, Inc.*, 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990) (stating that with respect to postpetition credit, courts "permit debtors in possession to exercise their basic business judgment consistent with their fiduciary duties"); *In re Simasko Prod. Co.*, 47 B.R. 444, 448–49 (Bankr. D. Colo. 1985) (authorizing interim financing agreement where debtor's business judgment indicated financing was necessary and reasonable for benefit of estate). Courts in this district have granted similar relief as well. *See, e.g., In re Promise Healthcare Group, LLC.*, No. 18-12491 (Bankr. D. Del Dec. 3, 2018); *In re Sancilio Pharmaceuticals Company, Inc.*, No. 18-11333 (Bankr. D. Del June 28, 2018).

**III.    Cause Exists To Authorize The Debtor's Financial Institutions To Honor Checks And Electronic Fund Transfers.**

21.    The Court should authorize the Debtor's financial institutions to honor checks and electronic funds transfers relating to prepetition Insurance Program obligations.  The proposed DIP budget provides sufficient funding for the payment of any modest prepetition amounts that may be owing under the Insurance Program. In addition, under the Debtor's existing cash management system, the Debtor can readily identify checks or wire transfer

requests as relating to an authorized prepetition payment in respect of the Insurance Program. Accordingly, the Debtor believes that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently. Therefore, the Debtor respectfully requests that the Court authorize and direct all applicable financial institutions, when requested by the Debtor, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this motion.

22.     Based on the foregoing, the relief requested is necessary and appropriate, in the best interests of the Debtor's estate and creditors, and should be granted in all respects.

### THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

23.     Under Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a prepetition claim within 21 days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm.  Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern.  *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

24.     Absent the relief requested herein, the Debtor would suffer immediate and irreparable harm because preservation of the Insurance Program is immediately necessary to ensure the continuation of the Debtor's business and a transition to operating in chapter 11. Accordingly, the Debtor submits that they have satisfied the standard of Bankruptcy Rule 6003.

### WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

25.     To implement the relief requested, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use,

sale, or lease of property under Bankruptcy Rule 6004(h). The Debtor submits that cause exists

to justify a waiver of the fourteen day stay imposed by Bankruptcy Rule 6004(h), to the extent it

applies, for the reasons described above, including the critical necessity of ensuring

uninterrupted insurance coverage.

## **RESERVATION OF RIGHTS**

26.     Nothing contained in this Motion or any actions taken by the Debtor

pursuant to relief granted in the Order is intended or should be construed as: (a) an admission as

to the validity of any particular claim against the Debtor; (b) a waiver of the Debtor's rights to

dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular

claim; (d) an implication or admission that any particular claim is of a type specified or defined

in this Motion; (e) a request or authorization to assume any agreement, contract, or lease

pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's rights

under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that

any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are

valid, and the Debtor expressly reserved its rights to contest the extent, validity, or perfection or

seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made

pursuant to the Court's order is not intended and should not be construed as an admission as to

the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute

such claim.

## **NOTICE**

27.     Notice of this Motion is being provided to: (i) the U.S. Trustee; (ii) the

parties included on the Debtor's list of twenty (20) largest unsecured creditors; (iii) counsel to

SVB in its capacity as Prepetition Lender and DIP Lender (each as defined in the First Day

Declaration); (iv) Aon and the insurance carriers identified on the attached Exhibit A; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the Delaware Secretary of State; (viii) the Delaware Secretary of the Treasury; (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (xi) any other party required to be provided notice under Local Rule 9013-1(m).  As this Motion is seeking "first day" relief, within two business days after entry of an order on this Motion, the Debtor will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-l(m).  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## <u>CONCLUSION</u>

WHEREFORE, the Debtor respectfully requests that the Court enter interim and final orders, substantially in the forms annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

[*Remainder of page intentionally left blank*]

April 15, 2019
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Tel.: (302) 658-9200
Fax: (302) 658-3989
dabbott@mnat.com
aremming@mnat.com
mtalmo@mnat.com
ptopper@mnat.com

- and -

Richard L. Wynne (CA 120349)
*Pro hac vice* admission pending
Erin N. Brady (CA 215038)
*Pro hac vice* admission pending
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
richard.wynne@hoganlovells.com
erin.brady@hoganlovells.com

- and -

Christopher R. Bryant (NY 3934973)
*Pro hac vice* admission pending
John D. Beck (TX 24073898)
*Pro hac vice* admission pending
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
chris.bryant@hoganlovells.com
john.beck@hoganlovells.com

*Proposed Counsel for Debtor and Debtor in Possession*

# **Exhibit A**

Schedule of Insurance Policies

| Coverage | Policy Number | Eff. Date | Exp. Date | Aggregate Limits | Carrier | Premium | Broker or Direct Bill |
|---|---|---|---|---|---|---|---|
| Employment Practices Liability | 1000058304171 | 3/31/2018 | 6/30/2019 | $3,000,000 | Starr Indemnity 7 Liability Co. (CV Starr) | $6,682.70 | Aon |
| Fiduciary Liability | 013076410 | 3/31/2018 | 6/30/2019 | $2,000,000 | National Union Fire Ins. Co., (AIG) | $804.44 | Aon |
| Cyber Liability | MPL212832918 | 2/1/2018 | 6/30/2019 | $1,000,000 | Falvey Cargo Underwriters (Lloyds of London), A XV | $1,542.62 | Aon |
| Cargo | MC2632 | 2/1/2018 | 6/30/2019 | $2,500,000 | Falvey Cargo Underwriters (Lloyds of London), A XV | $3,920 | Aon |
| Products Liability | 3589-41-31 UC | 2/1/2018 | 3/21/2023 | $5,000,000 | Chubb Insurance Cos., A++ XV | $5,500 | Aon |
| Premises Pollution Package Worldwide | G46619675001 | 3/23/2017 | 3/23/2020 | $5,000,000 | Illinois Union Ins. Co. (Chubb), A++ XV | $5,000 | Aon |
| Worldwide Package (Property; General Liability; Crime Bond; Auto; Umbrella) | 3592-05-55 | 2/1/2018 | 6/30/2019 | Various limits from $50,000 to $78,000,000 | Chubb Insurance Cos., A++ XV | $16,170 | Aon |
| Worldwide Umbrella Liability | 7986-85-44 | 2/1/2018 | 6/30/2019 | $10,000,000 | Chubb Insurance Cos., A++ XV | $1,922.70 | Aon |
| Directors & Officers Liability Insurance | 01-335-98-06 (Side A) | 3/31/2018 | 12/31/2019 | $10,000,000 | National Union Fire Ins. Co., (AIG) | $45,630 | Aon |
| | 0311-2724 (Excess Liability) | 3/31/2018 | 12/31/2019 | $5,000,000 | Allied World Assurance Company Inc. | $85,000 | Aon |
| | ELU154825-18 (Executive and Corporate Securities) | 3/31/2018 | 12/31/2019 | Various from $250,000 to $10,000,000 | XL Specialty Insurance Company | $684,998 | Aon |

| Coverage | Policy Number | Eff. Date | Exp. Date | Aggregate Limits | Carrier | Premium | Broker or Direct Bill |
|---|---|---|---|---|---|---|---|
| | ORPRO 40665 (Excess Liability) | 3/31/2018 | 12/31/2019 | $5,000,000 | Old Republic Insurance Company | $182,750 | Aon |
| | MLX 7602449-01 (Excess Liability) | 3/31/2018 | 12/31/2019 | $5,000,000 | Argonaut Insurance Company | $127,500 | Aon |
| Workers Compensation | UB0N407902 | 1/1/2019 | 1/1/2020 | $1,000,000 | Travelers Property Cas Co. of America | $37,963 | Aon |
| D&O Tail Policy | ELU15482518 | 4/8/2019 | 12/31/2025 | $10,000,000 | XL Specialty Insurance Company | $900,000 | Aon |
| | ORPRO40665 | 4/8/2019 | 12/31/2025 | $15,000,000 | Old Republic Insurance Company | $258,000 | Aon |
| | MLX760244901 | 4/8/2019 | 12/31/2025 | $20,000,000 | Argonaut Insurance Company | $154,286 | Aon |
| | 03112724 | 4/8/2019 | 12/31/2025 | $25,000,000 | Allied World Assurance Company (U.S) Inc. | $104,762 | Aon |
| | 013359806 | 4/8/2019 | 12/31/2025 | $35,000,000 | National Fire Insurance Company of Pittsburgh, PA | $62,023 | Aon |

# **Exhibit B**

# **Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **Achaogen, Inc.** | Case No. 19-10844 (BLS) |
| Debtor.[1] | Re: D.I. ___ |

### INTERIM ORDER (I) AUTHORIZING DEBTOR TO (A) CONTINUE PREPETITION INSURANCE PROGRAM; (B) PAY ANY PREPETITION PREMIUMS AND RELATED OBLIGATIONS; AND (C) RENEW OR ENTER INTO NEW INSURANCE ARRANGEMENTS AND/OR PREMIUM FINANCING AGREEMENTS IN THE ORDINARY COURSE OF BUSINESS; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), for entry of interim and final orders (i) authorizing the Debtor to (a) continue its prepetition insurance program; (b) pay any prepetition premiums and related obligations; (c) renew or enter into new insurance arrangements and/or enter into premium financing agreements in the ordinary course of business; and (ii) granting related relief; and upon the *Declaration of Blake Wise in Support of First Day Relief* (the "First Day Declaration"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to

---

[1] The last four digits of the Debtor's federal tax identification number are 3693. The Debtor's mailing address for purposes of this Chapter 11 Case is 1Tower Place, Suite 400, South San Francisco, CA 94080.

[2] Capitalized terms not defined in this Order are defined in the Motion.

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the circumstances; and the relief requested being in the best interests of the Debtor and its estate and creditors; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED, on an interim basis, as set forth herein.

2.      Until such time as the Final Order is entered, the Debtor is authorized, but not required, to maintain, at its discretion, the Insurance Program including, but not limited to, the employment and compensation in the ordinary course of any agents and brokers that Debtor relies upon to maintain the Insurance Program.

3.      Until such time as the Final Order is entered, the Debtor is authorized, but not required, to pay all amounts necessary to maintain the Insurance Program, including, but not limited to, any prepetition premium, deductible or financing payments, or other amount that is due in respect of any of the Policies and any fees or other amounts due to brokers and agents engaged by the Debtor, in an amount not to exceed $100,000, without prejudice to the Debtor's ability to request to increase the foregoing amount or seek additional relief.

4.      The Debtor is authorized, but not required, to renew or extend the Policies, or to enter into new insurance arrangements, in the ordinary course of business, without further order of the Court. Subject to the availability of funds, the Debtor's banks and financial

institutions (collectively, the "<u>Banks</u>") are authorized and directed to process, honor, and pay any and all checks or electronic transfers issued in connection with the Insurance Program.

5.      All Banks that process, honor, and pay any and all checks or electronic transfers on account of the Insurance Program may rely on the representations of the Debtor as to which checks or electronic transfers are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtor's instructions.

6.      Authorization of the payments shall not be deemed to constitute an order approving the postpetition assumption of any executory contract pursuant to Section 365 of the Bankruptcy Code.

7.      Nothing in this Order shall affect the Debtor's right to contest the amount or validity of any amounts claimed to be due by the Debtor under, or with respect to, any aspect of the Insurance Program, in whole or in part.

8.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Debtor's insurance carriers, any other agents or brokers employed by the Debtor, or any other third party relating to the Insurance Program.

9.      Notwithstanding the applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on _____, 2019 at _____ **(Eastern Time)**; and any objections to entry of such order shall be in writing, filed with the Court, and served upon (i) counsel to the Debtor, (ii) the United States Trustee, (iii) counsel to the DIP

Lender, Morrison & Foerster LLP, 200 Clarendon Street, Boston, MA 02116, Attn: Alexander

Rheaume, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019-9601, Attn:

Todd Goren and Benjamin Butterfield, and Ashby & Geddes, 500 Delaware Avenue, P.O. Box

1150, Wilmington, DE 19899, Attn: Gregory Taylor, and (iv) counsel for any statutory

committee appointed in this Chapter 11 Case so as to be received no later than **4:00 p.m.**

**(Eastern Time) on _____, 2019.**

    11. Notwithstanding anything contained in the Motion or this Order, any

payment authorized to be made by the Debtor herein shall be subject to the terms and conditions

contained in any interim or final order authorizing the Debtor to obtain postpetition financing

and to use cash collateral, including any budgets in connection therewith.

    12. The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.


_____, 2019  _____
Wilmington, Delaware     THE HONORABLE BRENDAN L. SHANNON
               UNITED STATES BANKRUPTCY JUDGE

# Exhibit C

## Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **Achaogen, Inc.** | Case No. 19-10844 (BLS) |
| Debtor.[1] | |
| | **Re: D.I. ___** |

**FINAL ORDER (I) AUTHORIZING DEBTOR TO (A) CONTINUE PREPETITION
INSURANCE PROGRAM; (B) PAY ANY PREPETITION PREMIUMS AND RELATED
OBLIGATIONS; AND (C) RENEW OR ENTER INTO NEW INSURANCE
ARRANGEMENTS AND/OR PREMIUM FINANCING AGREEMENTS IN THE
ORDINARY COURSE OF BUSINESS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), for entry of interim and final orders (i) authorizing the Debtor to (a) continue its prepetition insurance program; (b) pay any prepetition premiums and related obligations and/or renew or enter into new insurance arrangements; and (ii) granting related relief; and upon the *Declaration of Blake Wise in Support of First Day Relief* (the "First Day Declaration"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper

---

[1] The last four digits of the Debtor's federal tax identification number are 3693. The Debtor's mailing address for purposes of this Chapter 11 Case is 1Tower Place, Suite 400, South San Francisco, CA 94080.

[2] Capitalized terms not defined in this Order are defined in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the circumstances; and the relief requested being in the best interests of the Debtor and its estate and creditors; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED, on a final basis, as set forth herein.

2.      The Debtor is authorized, but not required, to maintain, at its discretion, the Insurance Program including, but not limited to, the employment and compensation in the ordinary course of any agents and brokers that Debtor relies upon to maintain the Insurance Program.

3.      The Debtor is authorized, but not required, to pay all amounts necessary to maintain the Insurance Program, including, but not limited to, any prepetition premium, deductible or financing payments, or other amount that is due in respect of any of the Policies and any fees or other amounts due to brokers and agents engaged by the Debtor without prejudice to the Debtor's ability to request to increase the foregoing amount or seek additional relief.

4.      The Debtor is authorized, but not required, to renew or extend the Policies, or to enter into new insurance arrangements, in the ordinary course of business, without further order of the Court.

5.      The Debtor is authorized, but not required, to enter into premium financing agreements in connection with its Insurance Program to the extent that the Debtor determines that such action is in the best interest of its estate.

6.      Subject to the availability of funds, the Debtor's banks and financial institutions (collectively, the "Banks") are authorized and directed to process, honor, and pay any and all checks or electronic transfers issued in connection with the Insurance Program.

7.      All Banks that process, honor, and pay any and all checks or electronic transfers on account of the Insurance Program may rely on the representations of the Debtor as to which checks or electronic transfers are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtor's instructions.

8.      Authorization of the payments shall not be deemed to constitute an order approving the postpetition assumption of any executory contract pursuant to Section 365 of the Bankruptcy Code.

9.      Nothing in this Order shall affect the Debtor's rights to contest the amount or validity of any amounts claimed to be due by the Debtor under, or with respect to, any aspect of the Insurance Program, in whole or in part.

10.     Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Debtor's insurance carriers, any other agents or brokers employed by the Debtor, or any other third party relating to the Insurance Program.

11.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

12.     Notwithstanding anything contained in the Motion or this Order, any payment authorized to be made by the Debtor herein shall be subject to the terms and conditions contained in any interim or final order authorizing the Debtor to obtain postpetition financing and to use cash collateral, including any budgets in connection therewith.

13.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

_____, 2019          _____
Wilmington, Delaware                            THE HONORABLE BRENDAN L. SHANNON
                                                UNITED STATES BANKRUPTCY JUDGE

4