IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**Achaogen, Inc.,**<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 19-10844 (BLS)<br><br>**Re: D.I. 6** |

**INTERIM ORDER GRANTING DEBTOR'S MOTION (I) AUTHORIZING THE
DEBTOR TO (A) PAY PREPETITION WAGES, SALARIES, AND OTHER
COMPENSATION (B) PAY PREPETITION PAYROLL TAXES AND BENEFITS
AND CONTINUE BENEFIT PROGRAMS IN THE ORDINARY COURSE,
(II) DIRECTING BANKS TO HONOR CHECKS FOR PAYMENT OF
PREPETITION EMPLOYEE PAYMENT AND PROGRAM OBLIGATIONS,
AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), styled *Motion of the Debtor for Interim and Final Orders (I) Authorizing the Debtor to (a) Pay Prepetition Wages, Salaries, and other Compensation (b) Pay Prepetition Payroll Taxes and Benefits and Continue Benefit Programs in the Ordinary Course (II) Directing Banks to Honor Checks for Payment of Prepetition Employee Payment and Program Obligations, and (III) Granting Related Relief,* and upon the *Declaration of Blake Wise in Support of First Day Relief* (the "First Day Declaration"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this

---

[1] The last four digits of the Debtor's federal tax identification number are 3693. The Debtor's mailing address for purposes of this Chapter 11 Case is 1 Tower Place, Suite 400, South San Francisco, CA 94080.

[2] Capitalized terms not defined in this Order are defined in the Motion.

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and the relief requested being in the best interests of the Debtor and its estate and creditors; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Until such time as the Final Order is entered, the Debtor is authorized, but not directed, in its sole discretion, (i) to pay any and all prepetition amounts relating to their ordinary course Employee-related obligations and programs and the Contractor-related obligations, provided, however, that, (a) the Debtor shall not make payments on account of Sale Force Commissions or Severance Obligations prior to entry of a Final Order and (b) payments of prepetition amounts under this Order shall not exceed $13,650 per individual Employee or Contractor in accordance with the priority cap provided in section 507(a)(4)–(5) of the Bankruptcy Code and shall not in the aggregate exceed $640,000; (ii) to reimburse Employees and Contractors for Reimbursable Expenses in an aggregate amount not to exceed $10,000; (iii) to continue the Employee programs and practices in the ordinary course to the extent such Employee programs and practices were in effect immediately prior to the filing of this Chapter 11 Case; and (iv) to continue making payments postpetition for Employee-related programs and Contractors as they become due.

3. Nothing in this Order authorizes the Debtor to cash out unpaid PTO upon termination of an Employee, unless applicable state law requires such payment, and in no event shall such payments exceed $13,650 per individual Employee or Contractor in accordance with the priority cap provided in section 507(a)(4)–(5) of the Bankruptcy Code.

4. The Debtor is further authorized, but not directed, in its sole discretion, to pay all prepetition processing fees associated with, and all costs incident to, payment of the foregoing obligations.

5. The Debtor is further authorized to reissue checks, wire transfers, automated clearing house payments, electronic payments, or other similar methods of payment for prepetition payments, including the Payroll Tax Payment, approved by the Court in this Order where such method of payment has been dishonored postpetition.

6. All banks and other financial institutions on which checks were drawn or electronic payment requests made in connection with the payment of the prepetition obligations approved herein are authorized and directed to (i) receive, process, honor, and pay all such checks and electronic payment requests, including, if necessary, the Payroll Tax Payment, when presented for payment (assuming that sufficient funds are then available in the Debtor's bank accounts to cover such payments) and (ii) rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (v) a request or

authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

8. Nothing contained in the Motion or this Order, or any actions taken by the Debtor pursuant to relief granted in the Order, shall be: (a) an admission as to the validity of any particular claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtor expressly reserved its rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order shall not be an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are waived.

10. The relief granted in this Order is necessary to avoid immediate and irreparable harm to the Debtor and (i) the requirements of Bankruptcy Rule 6003 are deemed satisfied and (ii) the requirements of Bankruptcy Rule 6004(h) are waived.

11. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. Nothing in this Order authorizes or approves any payment subject to section 503(c) of the Bankruptcy Code.

14. The hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on May 8, 2019 at 11:00 a.m. (Eastern Time); and any objections to entry of such order shall be in writing, filed with the Court, and served upon (i) counsel to the Debtor, (ii) the United States Trustee, (iii) counsel to the DIP Lender, Morrison & Foerster LLP, 200 Clarendon Street, Boston, MA 02116, Attn: Alexander Rheaume, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019-9601, Attn: Todd Goren and Benjamin Butterfield, and Ashby & Geddes, 500 Delaware Avenue, P.O. Box 1150, Wilmington, DE 19899, Attn: Gregory Taylor, and (iv) counsel for any statutory committee appointed in this case so as to be received no later than **4:00 p.m. (Eastern Time) on May 1, 2019**.

15. Notwithstanding anything contained in the Motion or this Order, any payment authorized to be made by the Debtor herein shall be subject to the terms and conditions contained in any interim or final order authorizing the Debtor to obtain postpetition financing and to use cash collateral, including any budgets in connection therewith.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement and/or interpretation of this Order.

_____ 16_____, 2019
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE