# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **Achaogen, Inc.,** | Case No. 19-10844 (BLS) |
| Debtor.[1] | **Re: D.I. 30** |

### ORDER PURSUANT TO SECTIONS 105, 363, 364, 365 AND 541 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002, 6004, 6006 AND 9007 AND DEL. BANKR. L.R. 2002-1 AND 6004-1 (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF DEBTOR; (B) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT, ASSIGNMENT OR REJECTION OF DESIGNATED EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (C) SCHEDULING THE AUCTION AND SALE HEARING; (D) APPROVING FORMS AND MANNER OF NOTICE OF RESPECTIVE DATES, TIMES, AND PLACES IN CONNECTION THEREWITH; AND (E) GRANTING RELATED RELIEF

Upon the *Debtor's Motion for an Order Pursuant To Sections 105, 363, 364, 365 and 541 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9007 and Del. Bankr. L.R. 2002-1 and 6004-1 (A) Approving Bidding Procedures for the Sale of Substantially All Assets of Debtor; (B) Approving Procedures for the Assumption and Assignment, Assignment or Rejection of Designated Executory Contracts and Unexpired Leases;(C) Scheduling the Auction and Sale Hearing; (D) Approving Forms and Manner of Notice of Respective Dates, Times, and Places in Connection Therewith; and (E) Granting Related Relief* (the "Motion");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter an order consistent with Article III of the United

---

[1] The last four digits of the Debtor's federal tax identification number are 3693. The Debtor's mailing address for purposes of this Chapter 11 Case is 1 Tower Place, Suite 400, South San Francisco, CA 94080.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion or Bidding Procedures (as defined below), as applicable.

States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having considered the statements of counsel, the First Day Declaration, any objections raised, and the evidence presented at the Bidding Procedures Hearing; and it appearing that the relief requested in the Motion is reasonable and in the best interests of the Debtor's bankruptcy estate, its creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      The Debtor has articulated good and sufficient reasons for, and the best interests of its estate, creditors, and other parties in interest will be served by the Court granting the relief requested in the Motion to be approved pursuant to this Bidding Procedures Order.

B.      Under the circumstances, and particularly in light of the extensive marketing done by the Debtor and its advisors of the Purchased Assets prior to the date hereof, the Bidding Procedures enable the Debtor to maximize the value of its assets for the benefit of all stakeholders and constitute a reasonable, sufficient, adequate and proper means to provide potential competing bidders with an opportunity to submit bids, and are reasonably calculated to enable the Debtor to pursue higher or otherwise better offers for the Purchased Assets.

C.      The Debtor's option to accept a Stalking Horse Bid in the Debtor's business judgment (upon consultation with the DIP Lender and the Committee) and, upon such designation and after consultation with the DIP Lender and the Committee, seek Bankruptcy Court approval of any Bid Protections on an emergency basis are reasonably calculated to enable the Debtor to further maximize the value of its assets by providing the opportunity to set the floor for bids and contributing to a robust auction process, for the benefit of the Debtor's estate, creditors, and other parties in interest.

2

D.    The Debtor's estate will suffer harm if the relief requested in the Motion to be approved by this Bidding Procedures Order is not granted.

E.    The Debtor has articulated good and sufficient reasons for, and the best interests of its estate and stakeholders will be served by, the Court scheduling or fixing dates pursuant to this Bidding Procedures Order for the (i) Bid Deadline (as defined below), (ii) Sale Objection Deadline (as defined below), (iii) Auction, (iv) Assignment Objection Deadline, and (v) Sale Hearing.

F.    The Sale Notice and Assignment and Rejection Notice are reasonably calculated to provide the Sale Notice Parties, the other Contract Counterparties, and other interested parties with proper notice of the (i) Bidding Procedures, (ii) Auction, (iii) Assignment and Rejection Procedures (including with respect to Cure Costs and the Assignment Objection Deadline), (iv) Sale Hearing, and (v) Sale.

G.    The Motion and this Bidding Procedures Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

H.    Due, sufficient and adequate notice of the relief granted herein has been given to all parties in interest.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    All formal and informal objections, if any, to the relief requested in the Motion that have not been withdrawn, waived, or settled are overruled on the merits.

2.     The Bidding Procedures, which are attached hereto as **Exhibit 1** and incorporated herein by reference, are hereby approved in all respects and shall govern all bidders and bids, including those that may be submitted by Qualified Bidders at the Auction.

3.     Qualified Bidders seeking to submit bids for the Purchased Assets must do so in accordance with the terms of the Bidding Procedures and this Bidding Procedures Order.

4.     As set forth in the Bidding Procedures, the Debtor has the option, but is not required to, designate a Stalking Horse Bidder in the Debtor's business judgment (in consultation with the DIP Lender and the Committee) up to and including seven (7) days prior to the Bid Deadline.  Notwithstanding anything to the contrary in the Bidding Procedures or this Bidding Procedures Order, if the Debtor designates a Stalking Horse Bidder, the Debtor shall within one (1) day thereof, deliver to AP3-SF2 South, LLC (the "Landlord") the required adequate assurance of future performance information received from the Stalking Horse Bidder under Section III of the Bidding Procedures, and the Landlord shall have until the Assignment Objection Deadline to object to (i) the amount of cure proposed to be paid to the Landlord in connection with the assumption and assignment of any unexpired lease entered into between the Debtor and Landlord, if any, and (iii) the adequacy of the adequate assurance of future performance provided by the Stalking Horse Bidder.

5.     To the extent the Debtor designates a Stalking Horse Bidder, the Debtor shall within one (1) day thereof file the Stalking Horse Bidder Notice and, upon consultation with the DIP Lender and the Committee, seek Bankruptcy Court approval of any Bid Protections on an emergency basis.  The Stalking Horse Bidder Notice, if filed, shall also include a copy of the Stalking Horse Bidder's Qualified Bidder Purchase Agreement, which competing Qualified

4

Bidders must then use as the basis to submit their Qualified Bids, and shall include modifications to the bidding and auction procedures necessary to account for the Stalking Horse Bid.

6.    Notwithstanding that it may contain terms and conditions which may be inconsistent with the requirements for a Qualified Bid or other provisions of the Bidding Procedures, but subject to any applicable consent rights of the DIP Lender, if the Debtor accepts a Stalking Horse Bid, such Stalking Horse Bid shall be deemed to constitute a Qualified Bid and such Stalking Horse Bidder shall be deemed to be a Qualified Bidder; provided, that the Debtor may not accept any bid without consulting the DIP Lender and the Committee.

7.    The deadline for all competing bidders to submit a Qualified Bid (other than a Stalking Horse Bid) is May 29, 2019, at 4:00 p.m. (prevailing Eastern Time) (the "Bid Deadline"), as further governed by the Bidding Procedures. Notwithstanding anything to the contrary in the Bidding Procedures or this Bidding Procedures Order, with respect to each Qualified Bid received by the Bid Deadline, the Debtor shall within one (1) day following the Bid Deadline, deliver to the Landlord the required adequate assurance of future performance information received by from each such Qualified Bidder under Section III of the Bidding Procedures, and the Landlord shall have until the Auction Objection Deadline to (i) object to the outcome of the Auction, (ii) the amount of any cure proposed to be paid to the Landlord in connection with the assumption and assignment of any unexpired lease entered into between the Debtor and Landlord, if any, and (iii) the adequacy of the adequate assurance of future performance provided by any Qualified Bidder.

8.    As further governed by the Bidding Procedures, if more than one Qualified Bid is received by the Bid Deadline, the Debtor will hold the Auction on June 3, 2019, at 10:00 a.m.

(prevailing Pacific Time) in accordance with the Bidding Procedures at the offices of Hogan Lovells US LLP, 4085 Campbell Ave #100, Menlo Park, CA 94025.

9.      Promptly following the conclusion of the Auction (and not later than one (1) days thereafter), the Debtor shall promptly file with the Court the Supplement described in the Bidding Procedures, but shall not be required to serve the same on any parties-in-interest in this Chapter 11 Case; provided, that the Debtor shall consult with the DIP Lender and the Committee prior to filing the Supplement.

10.     If the Debtor receives only one (1) Bid that is a Qualified Bid (which may be a Stalking Horse Bid, as applicable), the Debtor, in its business judgment upon consultation with the DIP Lender and the Committee, shall (i) notify all Potential Bidders and the Bankruptcy Court in writing that (a) the Auction is cancelled and (b) such Qualified Bid is the Successful Bid, and (ii) seek authority at the Sale Hearing to consummate the Sale transactions with such Qualified Bidder contemplated by its Qualified Bidder Purchase Agreement (or the Stalking Horse Bidder Purchase Agreement, as applicable).

11.     The Debtor shall obtain entry of the Sale Order no later than June 6, 2019. Following the conclusion of the Auction, with the consent of the Successful Bidder and subject to the Milestones (as defined in the interim and final orders, as applicable, authorizing the Debtor to obtain post-petition financing (the "DIP Order")), or as otherwise approved by the Bankruptcy Court, the Sale Hearing may be adjourned or rescheduled without notice by an announcement of the adjourned date at the Sale Hearing or by filing a notice on the docket for this Chapter 11 Case.  At the Sale Hearing, the Debtor shall present the Successful Bid to the Bankruptcy Court for approval.

12.    The Debtor is hereby authorized to conduct the Sale without the necessity of complying with any state or local transfer laws or requirements.

13.    The Sale Notice and Assignment and Rejection Notice substantially in the forms attached hereto as **Exhibit 2** and **Exhibit 3**, respectively, to this Bidding Procedures Order, are approved in all respects.  No other or further notice of the Bidding Procedures, Assignment and Rejection Procedures, the Sale Hearing, relevant objection or other deadlines, or the Sale is required.

14.    To be considered, any objection to the Sale for all issues other than the outcome of the Auction must (a) comply with the Bankruptcy Rules and the Local Rules, (b) be made in writing and filed with the Court, and (c) be filed on or before May 30, 2019, at 5:00 p.m. (prevailing Eastern Time) (the "Sale Objection Deadline").  Any objections to the outcome of the Auction must (a) comply with the Bankruptcy Rules and the Local Rules, (b) be made in writing and filed with the Court, and (c) be filed on or before June 5, 2019, at 12:00 p.m. (prevailing Eastern Time) (the "Auction Objection Deadline").

15.    The failure of any objecting person or entity to timely file an objection prior to the Sale Objection Deadline shall be a bar to the assertion at the Sale Hearing or thereafter of any objection to the relief requested by the Debtor, or the consummation and performance of the Sale of the Purchased Assets to the Successful Bidder, including the transfer of the Purchased Assets free and clear of all liens, claims, interests and other encumbrances (with the same to attach to the cash proceeds of the Sale to the same extent and with the same order of priority, validity, force and effect which they previously had against the Purchased Assets, subject to the rights and defenses of the Debtor and the Debtor's estate with respect thereto), and the Debtor's assumption and assignment of the Transferred Contracts to the Successful Bidder; provided, however, any

party in interest may raise an objection to the outcome of the Auction on or before the Auction Objection Deadline.

16.     No Qualified Bidder or any other person or entity, other than a potential Stalking Horse Bidder, if any, shall be entitled to any expense reimbursement, break-up fee, termination or other similar fee or payment in connection with the Sale.

17.     The Assignment and Rejection Procedures, as described in the Motion, are hereby approved in all respects. The failure to specifically include or reference any particular provision of the Assignment and Rejection Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Assignment and Rejection Procedures be authorized and approved in their entirety.

18.     As further governed by the Assignment and Rejection Procedures, the Assignment Objection Deadline is May 30, 2019, at 5:00 p.m. (prevailing Eastern Time). If a timely objection is filed and cannot be resolved consensually, such objection will be resolved at a hearing to be held on June 6, 2019, or on such other date prior to or after the Sale Hearing as the Court may designate. Any Contract Counterparty that fails to file an Assignment Objection by the Assignment Objection Deadline in accordance with the Assignment and Rejection Procedures (i) shall be deemed to have forever waived and released any right to assert an Assignment Objection, (ii) to have consented to the assumption and assignment, or assignment, as the case may be, of their Transferred Contract without the necessity of obtaining any further order of the Bankruptcy Court, and (iii) shall be forever barred and estopped from (a) objecting to the Cure Amount set forth on the Cure Schedule with respect to the Transferred Contract, (b) seeking additional amounts arising under the Transferred Contract prior to the closing from

the Debtor or Successful Bidder, and (c) objecting to the assumption and assignment, or assignment, as the case may be, of its Transferred Contract to the Successful Bidder.

19.    Notwithstanding anything to the contrary contained herein or in the Bidding Procedures, nothing herein or in the Bidding Procedures shall modify the terms and conditions of the DIP Order in connection with any sales of any assets of the Debtor.  Nothing herein shall amend or modify any provisions, terms, or conditions of the DIP Order or DIP Loan Documents (as defined in the DIP Order), and, without limiting the foregoing, the rights of the DIP Lender and the Prepetition Lender in connection with any sales of the Debtor's assets, including credit bidding rights, are incorporated herein by reference.  If the DIP Lender submits a bid for all or any portion of the Purchased Assets, the DIP Lender shall waive any consultation rights it has with the Debtor under the Bidding Procedures or this Bidding Procedures Order with respect to such Purchased Assets and shall no longer be a Notice Party until the DIP Lender revokes such bid.  The Debtor shall obtain the prior written consent of the DIP Lender prior to the Debtor's acceptance of any bid (including a Stalking Horse Bid, Qualified Bid, Successful Bid or Back-Up Bid) that provides for less than $30 million of cash proceeds at the closing thereof; provided, however, that notwithstanding anything herein to the contrary, the Committee shall have the right at any time, including during the Auction, to seek the Court's intervention to the extent that the DIP Lender's exercise or threatened exercise of such consent is being utilized by the DIP Lender to prevent the Debtor from accepting a bid that the Committee believes to be "higher and better" (and the rights of all parties to oppose such relief are fully reserved).

20.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) or 6006(d), the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.  Notwithstanding anything to the contrary in the

Bidding Procedures or this Bidding Procedures Order, the Landlord shall have until the Auction

Objection Deadline to object to the applicability of Bankruptcy Rules 6004(h) or 6006(d) to the

Sale Order.

21.    The Debtor is authorized and empowered to take such steps, expend such sums of

money and do such other things as may be necessary to implement and effectuate the terms and

requirements established and relief granted in this Bidding Procedures Order.

22.    To the extent of any inconsistences between the Bidding Procedures and this

Bidding Procedures Order, this Bidding Procedures Order shall govern.

23.    The Court shall retain jurisdiction over any matter or dispute arising from or

relating to the Bidding Procedures or this Bidding Procedures Order.


Dated: May 1, 2019
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE