IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Achaogen, Inc.,<br><br>     Debtor.[1] | Chapter 11<br><br>Case No. 19-10844 (BLS)<br><br>**Re: D.I. 71** |

**ORDER AUTHORIZING DEBTOR TO EMPLOY AND RETAIN
CASSEL SALPETER & CO., LLC AS INVESTMENT BANKER
<u>*NUNC PRO TUNC* AS OF THE PETITION DATE</u>**

This matter coming before the Court on the *Debtor's Application for Entry of an Order Authorizing the Debtor to Employ and Retain Cassel Salpeter & Co., LLC as Investment Banker Nunc Pro Tunc as of the Petition Date* (the "<u>Application</u>"),[2] filed by the above-captioned debtor and debtor-in-possession (the "<u>Debtor</u>"); the Court having reviewed the Application, the Cassel Declaration and having considered the statements of counsel and the evidence adduced with respect to the Application at a hearing before the Court (the "<u>Hearing</u>"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) the terms and conditions of Cassel Salpeter's employment, including but not limited to the Fee and Expense Structure, and indemnification, contribution and reimbursement provisions set forth in the Engagement Letter, are reasonable as required by section 328(a) of the Bankruptcy Code and (v) notice of the Application and the Hearing was sufficient under the circumstances; and after due deliberation, the Court having determined that the relief requested in the Application is necessary and essential for the Debtor's

---

[1]   The last four digits of the Debtor's federal tax identification number are 3693. The Debtor's mailing address for purposes of this Chapter 11 Case is 1 Tower Place, Suite 400, South San Francisco, CA 94080.

[2]   Capitalized terms not otherwise defined herein have the meaning given to them in the Application.

Chapter 11 Case and such relief is in the best interests of the Debtor, its estate, its creditors and all parties in interest; and good and sufficient cause having been shown, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein, *nunc pro tunc* to the Petition Date.

2. The Debtor is authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, to employ and retain Cassel Salpeter as its exclusive investment banker in accordance with the terms and conditions set forth in the Engagement Letter, effective *nunc pro tunc* to the Petition Date, and to pay fees and reimburse expenses to Cassel Salpeter on the terms and times specified in the Engagement Letter.

3. The terms of the Engagement Letter, attached hereto as **Exhibit 1**, are approved in all respects except as limited or modified herein.

4. All of Cassel Salpeter's compensation set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure set forth in the Engagement Letter, is approved pursuant to section 328(a) of the Bankruptcy Code, and shall be subject only to the standard of review set forth in section 328(a) of the Bankruptcy Code, and Cassel Salpeter shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court.

5. None of the fees payable to Cassel Salpeter under the Engagement Letter shall constitute a "bonus" or fee enhancement under applicable law.

6. Notwithstanding any provision to the contrary in this Order, the United States Trustee shall have the right to object to Cassel Salpeter's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the United States Trustee to challenge the reasonableness of Cassel Salpeter's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the United States Trustee, on appeal or otherwise, with respect to the reasonableness of Cassel Salpeter's fees.

7. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, or any guidelines regarding submission and approval of fee applications, in light of the services to be provided by Cassel Salpeter and the structure of Cassel Salpeter's compensation pursuant to the Engagement Letter, Cassel Salpeter and its professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-2(d), the U.S. Trustee Guidelines, and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Engagement Letter, and shall instead be required only to maintain time records of its services rendered in one-half hour (0.5) increments.

8. To the extent Sale Consideration includes non-cash Sale Consideration (including, but not limited to, assumption of liabilities), the Debtor, the Committee and Cassel Salpeter shall work in good faith to mutually agree upon the value to be attributed to any non-cash Sale Consideration (including, but not limited to, assumption of liabilities) for purposes of calculating the Sale Transaction Fee. If the Debtor, Committee and Cassel Salpeter are unable to agree on the total amount of Sale Consideration for this purpose, the Debtor, Committee or

3

Cassel Salpeter shall be entitled to ask the Court to determine the value of any non-cash Sale Consideration (including, but not limited to, assumption of liabilities) on an expedited basis.

9. The Debtor shall be bound by the indemnification, contribution, reimbursement, and other provisions of the Engagement Letter and will indemnify and hold harmless the Indemnified Persons, pursuant to the Engagement Letter, subject, during the pendency of this Chapter 11 Case, to the following:

(a) Cassel Salpeter shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

(b) The Debtor shall have no obligation to indemnify Cassel Salpeter, or provide contribution or reimbursement to Cassel Salpeter, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Cassel Salpeter's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtor alleges the breach of Cassel Salpeter's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which Cassel Salpeter should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this Chapter 11 Case, Cassel Salpeter believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Cassel Salpeter must file an application therefor in this Court, and the Debtor may not pay any such amounts to Cassel Salpeter before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Cassel Salpeter for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Cassel Salpeter. All parties in interest shall retain the right to object to any demand by Cassel Salpeter for indemnification, contribution or reimbursement.

10. No amounts shall be paid to Cassel Salpeter absent an order of the Court approving a fee application filed on notice to parties in interest in the Chapter 11 Case, or as otherwise allowed under any order entered in the Chapter 11 Case.

11. In the event that, during the pendency of this Chapter 11 Case, Cassel Salpeter seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records (redacted for privilege, as necessary) from such attorneys shall be included in Cassel Salpeter's fee applications and such invoices and time records shall be in compliance with Local Rule 2016-2(f), and shall be subject to the U.S. Trustee Guidelines and approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code, provided, however, that in no event shall Cassel Salpeter seek reimbursement of any fees incurred defending any of its fee applications in these cases.

12. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062 or 9014.

14. The relief granted herein shall be binding upon any chapter 11 trustee appointed in this Chapter 11 Case, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of this Chapter 11 Case to a case under chapter 7.

15. To the extent that this Order is inconsistent with the Engagement Letter, the terms of this Order shall govern.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

_____, 2019
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE