IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**Achaogen, Inc.,**<br><br>　　　　　　Debtor.[1] | Chapter 11<br><br>Case No. 19-10844 (BLS)<br><br>RE: D.I. 13, 52 |

### SECOND INTERIM ORDER (I) AUTHORIZING ACHAOGEN, INC. TO OBTAIN POSTPETITION SECURED FINANCING, (II) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) AUTHORIZING THE USE OF CASH COLLATERAL, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING THE AUTOMATIC STAY, (VI) SCHEDULING A FINAL HEARING, AND (VII) GRANTING RELATED RELIEF

Upon the *Motion for Entry of Interim and Final Orders (I) Authorizing Achaogen, Inc. to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 13] (the "Motion") filed by Achaogen, Inc., as debtor and debtor in possession in the above-captioned case (the "Debtor"); and the Court having reviewed the Motion and held an interim hearing with respect to the Motion on April 16, 2019; and the Court having entered the *Interim Order (I) Authorizing Achaogen, Inc. to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 52] (the "Interim Order"); and the Office of the United States Trustee for the District of Delaware having appointed an official committee of unsecured

---

[1] The last four digits of the Debtor's federal tax identification number are 3693. The Debtor's mailing address for purposes of this Chapter 11 Case is 1 Tower Place, Suite 400, South San Francisco, CA 94080.

creditors (the "Committee") under section 1102 of the Bankruptcy Code [Docket No. 81]; and the deadline for parties-in-interest (other than the Committee) to file objections to entry of a Final Order having passed with no objections having been filed; and the Debtor, the Committee, and the DIP Lender[2] having commenced discussions in an effort to reach agreement as to the terms of the Final Order; and it appearing to the Court that it is in the best interests of the Debtor and its estate and creditors that the Final Hearing be adjourned to facilitate such discussions and that this order (this "Second Interim Order") be entered; and upon the Motion, the First Day Declaration, and the record of the interim hearing on the Motion; and the DIP Lender and the Committee having consented to the entry of this Order and the relief provided herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED AND DECREED THAT:**

1. The Final Hearing is adjourned to June 6, 2019 at 10:00 a.m. (ET).

2. The deadline for the Committee to object to entry of the Final Order shall be extended to 4:00 p.m. (prevailing Eastern Time) on May 30, 2019, or such later date as may be consented to by the Debtor and DIP Lender (the "Committee Objection Deadline"); *provided*, that the Debtor shall file on the docket the proposed form of Final Order no later than one week prior to the Committee Objection Deadline.

3. The terms of the Interim Order shall remain in full force and effect *except* as follows:

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Interim Order.

(a) The final sentence of Paragraph 2 of the Interim Order is hereby modified to read as follows:

> The Debtor is authorized to execute and deliver the DIP Loan Documents and borrow money under the DIP Facility, on an interim basis, up to an aggregate principal amount not to exceed Eight Million Eight Hundred Thousand Dollars ($8,800,000.00) during the period prior to entry of the Final Order, on the terms set forth in this Interim Order and the DIP Loan Documents.

(b) The definition of "Initial Term Loan Commitment" in the DIP Credit Agreement is hereby modified to read as follows:

> "Initial Term Loan Commitment" means the Bank's obligation to make Initial Term Loan Advances under Section 2.1.1 in an aggregate amount not to exceed Eight Million Eight Hundred Thousand ($8,800,000.000), subject to the terms and conditions set forth in this Agreement and the Interim DIP Order, as such amount shall be reduced by the making of Initial Term Loan Advances under Section 2.1.1; provided that, after the delivery of the Carve Out Trigger Notice, the amount of the Initial Term Loan Commitment shall not exceed the amount of the Carve Out.

(c) The Budget attached to the Interim Order as <u>Exhibit 2</u> is hereby amended by the revised Budget attached to this Second Interim Order as <u>Exhibit 1</u> (the "<u>Revised Budget</u>"); *provided*, that the Revised Budget shall not be amended in a manner that would reduce the funding of the Committee's allowed professional fees without the consent of the Committee or a further order of this Court.

(d) Notwithstanding anything in the Interim Order or the DIP Loan Documents to the contrary, (i) the Milestone for obtaining entry of the Final Order shall be June 6, 2019 (or such later date as may be consented to by the DIP Lender), and (ii) the Milestone for consummating the Sale and using the cash proceeds at the closing thereof to cause, without duplication, all Obligations and Prior Obligations (each as defined in the DIP Credit Agreement)

to be paid in full, in cash, on a final and indefeasible basis, subject to the provisions of this Second Interim Order or the Final Order, as applicable, shall be June 21, 2019 (or such later date as may be consented to by the DIP Lender).

4. For the avoidance of doubt, the Debtor is authorized to execute any amendment to the DIP Loan Documents that is necessary to effectuate the terms of this Second Interim Order.

5. Nothing in this Second Interim Order prejudices any rights that the Committee had under the First Interim Order, including, without limitation, the Committee's rights to oppose entry of the Final Order or commence a Challenge (as such rights existed under the Interim Order) and all such rights are reserved.

Dated: May 8, 2019
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE