**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Achaogen, Inc. | Case No. 19-10844 (BLS) |
| Debtor.[1] | Re: D.I. 504 |

**ORDER (I) APPROVING THE DEBTOR'S ENTRY INTO THE LETTER OF INTENT WITH XUANZHU (HK) BIOPHARMACEUTICAL LIMITED, (II) AUTHORIZING THE DEBTOR AND XUANZHU TO PERFORM THEIR OBLIGATIONS THEREUNDER, INCLUDING THE BREAKUP FEE AND EXPENSE REIMBURSEMENT AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Achaogen, Inc., as debtor and debtor in possession (the "Debtor") for entry of an order under sections 105(a) and 363(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code") (i) approving the Debtor's entry into that certain letter of intent, executed October 15, 2019 (the "LOI") with XuanZhu (HK) Biopharmaceutical Limited ("XuanZhu"), relating to the XuanZhu's acquisition of certain of the Debtor's intellectual property and technical rights for the active pharmaceutical ingredient Plazomicin Sulfate (ACHN-490) ("API" or "Plazomicin") within the territory comprised of PRC, Hong Kong, Macau and Taiwan (the "Territory"), (ii) authorizing the Debtor and XuanZhu to perform in accordance with the terms of the LOI, including the breakup fee and expense reimbursement, and (iii) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and consideration of the Motion and the requested relief being a core proceeding

---

[1] The last four digits of the Debtor's federal tax identification number are 3693. The Debtor's mailing address for purposes of this Chapter 11 Case is 548 Market Street, #70987, San Francisco, California 94104-5401.

[2] Capitalized terms not defined herein are defined in the Motion.

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the circumstances to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, including the waiver of Rules 6004(a) and 6004(h) of the Bankruptcy Rules; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Debtor's entry into the LOI is hereby approved.

3. The Debtor's entry into the LOI will not affect any actions, causes of action, suits, rights (including rights to legal remedies, equitable remedies, and payment), claims, cross-claims, third-party claims, interests, damages, punitive damages, judgments or demands, of any kind or character whatsoever (collectively, the "Rights"), the Debtor, its successors or assigns, or any other party, may have against Cipla and/or Qilu, and all such Rights, including the right to sue for full economic and punitive damages and/or sanctions, are unaffected by entry of this order.

4. The Debtor is authorized to perform pursuant to the terms and conditions set forth in the LOI.

5. Notwithstanding anything to the contrary in this Order or the LOI, the Break-Up Fee shall be US$135,000 (representing 3% of the consideration that XuanZhu would have paid to the Debtor to consummate the Proposed Transaction).

6. The Debtor is further authorized to take any and all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion and the LOI.

7. Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified to the extent necessary to permit XuanZhu to pursue recovery of the Break-Up Fee and Expense Reimbursement, to the extent applicable under paragraph 7 of the LOI.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Pursuant to Bankruptcy Rule 6004(h), this Order shall not be stayed and is effective immediately upon its entry.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October 31st, 2019
Wilmington, Delaware

BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE